37 So.2d 600

## MELERINE v. MELERINE.

### No. 39144.

Supreme Court of Louisiana.

Nov. 8, 1948.

Raymond H. Kierr, of New Orleans, for relator.

Chalin O. Perez, of New Orleans, for respondent.

MOISE, Justice.

We issued a writ of certiorari in this case in order to review the judgment of the district court rendered herein.

Plaintiff brought suit against her husband for separation from bed and board, and prayed that "a writ of injunction issue" restraining and prohibiting the defendant from disposing of the community property, and for judgment "perpetuating the said injunction". Attached to the petition was an order prepared for the court's signature, providing for a temporary restraining order and a rule to show cause why a permanent injunction should not issue. This order was signed by the court. At the hearing on the rule, the defendant filed an exception urging that the petition disclosed no right or cause of action for the reason that it failed to apply for a preliminary injunction, as required by Sec. 2 of Act No. 29 of 1924. Plaintiff thereupon sought to amend the prayer of her petition so as to ask that she be granted a preliminary injunction. The district court sustained the exception of no right or cause of action and refused to allow the amendment. The district court then recalled the temporary restraining order and dismissed the rule for a permanent injunction.

The authorities cited by respondent are inapplicable to the facts as disclosed by the record. We therefore refrain from making any comment.

It is obvious that the sustained exception is not directed to the petition for a separation from bed and board nor to the prayer for relief in the petition, but against the order itself. The responsibility for that order is with the court, and the ends of justice require that the order be made to conform to the law so that a judgment may be rendered. We believe the amendment requested should have been granted because it does not change the matter nor the substance of the demand. Its denial, as a matter of fact, has made the right for injunctive relief to the wife a mere abstraction affording no real protection.

Article 149 of the Revised Civil Code grants to the wife an injunction to preserve her community property during the pendency of the suit. The court cannot refuse such an injunction when there is the factor of community property and the wife has filed a suit for separation from bed and board. When these facts are present, the injunction becomes a matter of right and the court has no discretion. Article 298 of the Code of Practice gives the wife a similar right in mandatory language.

For the reasons assigned, the writ heretofore issued by us in this case is perpetuated and made absolute, the judgment dismissing plaintiff's application for injunction is recalled and set aside and the case is remanded to the lower court to be proceeded with according to law and con-

sistent with the views herein expressed; all costs of this court to be paid by defendant and all other costs to await the final determination of this litigation.